JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KEYARA KIMBROUGH,<br><br>          Plaintiff,<br><br>v.<br><br>STATE OF NORTH CAROLINA,<br><br>          Defendant. | Case No. 2:23-cv-09312-SB-SHK<br><br><br>ORDER DISMISSING<br>COMPLAINT FOR WRONG<br>VENUE |

Plaintiff Keyara Kimbrough filed a complaint alleging that Defendant State of North Carolina violated her son's Fourth and Fourteenth Amendment rights. Dkt. No. 1.  Plaintiff also filed a request to proceed in forma pauperis. Dkt. No. 3. Pursuant to its obligations under 28 U.S.C. § 1915(e), the Court screened the complaint.  *See Shirley v. Univ. of Idaho, College of Law*, 800 F.3d 1193, 1194 (9th Cir. 2015) (stating that a "district court shall screen . . . an action filed by a plaintiff proceeding in forma pauperis").

A court may raise the issue of venue sua sponte where the defendant has not filed a responsive pleading and the time for doing so has not yet run.  *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).  A civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).  When venue is in the wrong district or division, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

Here, Plaintiff makes no allegations that would make venue proper in this district:  she is a resident of North Carolina; the defendant is the State of North Carolina; and "the actionable offenses occurred within the State of North Carolina."  Dkt. No. 1.  Because the complaint suffers from other obvious problems (including those related to standing and immunity), transferring this case would not serve the interest of justice, and so the Court DISMISSES the case without prejudice.

IT IS SO ORDERED.


Date: November 14, 2023

_____
Stanley Blumenfeld, Jr.
United States District Judge